<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4399**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROBERT JAMES PEARSON WHITE, a/k/a RJ,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.   (3:11-cr-02303-CMC-1)

Submitted:  June 13, 2013          Decided:  July 11, 2013

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington,
Kentucky, for Appellant.   William N. Nettles, United States
Attorney, Julius N. Richardson, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant-Appellant Robert James Pearson White pled guilty to engaging in a conspiracy to distribute drugs in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, White contends that the district court erred in denying his motion to compel the government to withdraw its Notice of Enhanced Penalty in accordance with his plea agreement. We conclude that the district court did not clearly err in determining that White failed to provide the substantial assistance the agreement required, and thus affirm.

I.

White was indicted on three counts of drug-related crimes and agreed to plead guilty to one. Relevant to this appeal, White's plea agreement provided that in exchange for him providing substantial assistance, the government would move to withdraw the Notice of Enhanced Penalty it had filed, which increased White's sentence to mandatory life imprisonment. The agreement also provided that White's failure to pass a polygraph to the government's satisfaction would void the government's obligations under the agreement.

At sentencing, the government reported that it would not move to withdraw the Notice of Enhanced Penalty because White had failed a polygraph test and had not provided substantial

2

assistance. White filed a motion to compel the government to withdraw the notice. The district court denied White's motion and imposed a life sentence. White timely appealed.

## II.

This Court reviews the district court's denial of the motion to compel for abuse of discretion. See Wells v. Liddy, 186 F.3d 505, 518 n.12 (4th Cir. 1999). We review whether a party has breached a plea agreement under a bifurcated standard, reviewing the district court's factual findings for clear error and the application of principles of contract interpretation de novo. United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001).

## III.

On appeal, White contends that the government unreasonably declined to withdraw the Notice of Enhanced Penalty because, at the plea hearing, it had stated or strongly suggested that White had provided substantial assistance. But the government had not obligated itself to withdraw the Notice of Enhanced Penalty at the plea hearing. Rather, the government stated that it anticipated White would qualify for the withdrawal if he continued cooperating, which included, as White acknowledges, passing a polygraph test. At sentencing, the government stated that White had failed to provide substantial assistance, largely

3

because he had failed a polygraph test. And there is no dispute that White falsely answered at least one question during the polygraph. Nothing in the record suggests the district court erred in determining that White's failure to pass the polygraph provided a legitimate, objectively reasonable basis for the government's dissatisfaction with White's performance under the plea agreement.

White also contends that that the plea agreement was a contract of adhesion containing unconscionable terms. Although the plea agreement afforded White a favorable result, he was under no obligation to accept it. United States v. Mezzanatto, 513 U.S. 196, 209-10 (1995) ("The plea bargaining process necessarily exerts pressure on defendants to plead guilty . . . but we have repeatedly held that the government 'may encourage a guilty plea by offering substantial benefits in return for the plea.'"). Further, we reject White's argument that the terms of the plea were unconscionably applied to him. White fails to identify precedent—nor could we find any—for holding the polygraph provision was unconscionably applied.


IV.

In sum, the district court properly denied White's motion to compel specific performance of the plea agreement.

<u>AFFIRMED</u>

4